## WORTHINGTON vs. HANNA.

A has a chattel mortgage executed by B. The Sheriff levies upon the same to satisfy a judgment in favor of C against B and sells the same. In an action brought by A against the Sheriff for the conversion. *Held,* That the rights of mortgagees can only be divested by payment or tender of payment of their whole debt. Every security holder has a right to seek his money out of his security without proceeding against his debtor's personal responsibility; and the legal value of every security is the means it will furnish of obtaining satisfaction out of the property.

While the Court will not assume judicially to know what any foreign law is, there is no principle which will justify them in holding anything void under foreign law which is lawful here until the variance is shown. To that extent it may be presumed that a conformity exists between our laws and foreign laws. The Court will make no presumption that a transaction valid under our laws is not valid elsewhere.

Where an appraisement is made in pursuance of a statute under oath, in the course of the proceedings under which the party himself has acted, it would be going too far to say that such a valuation would be entirely worthless as evidence against him.

Error to St. Joseph Circuit.

*Opinion by* CAMPBELL, Ch. J.—Mrs. Hanna sued Worthing-

ton for having, as Sheriff, seized and sold certain chattels on process against Andrew Hanna, which had been mortgaged to her, and which were in the possession of the firm of McDougall, Nicholas & Abbott, under a security of the same date, which provided that they should take possession and sell goods to pay their own claim, and then turn over any surplus of goods or proceeds to her as second mortgagee. The Sheriff seized the property into his own possession under a writ of attachment, and sold it in parcels to different persons without making any provision for either of the mortgagees. The first questions arise upon the pleadings. The first count of the declaration was in trover ; but the parties seem to have supposed that trover would not lie in such a case, and no evidence was offered under it. The question, therefore, is not before the Court. The second count set out the rights of Mrs. Hanna under the second mortgage, which was recited at length, stated the mortgage of McDougall and others according to its effect and their possession under it, and then averred a seizure and conversion by sale to divers persons, whereby she was injured in her estate and deprived of her security on the goods, to her damage, $3,000, etc. This declaration was not demurred to, but it was insisted that the declaration should have shown the insolvency of the mortgagors and averred that the mortgagees had no other claim.

*Held*, That the cause of grievance, if actionable at all, could not have been set forth more clearly or specifically, and the objection is not well founded. This objection is based upon an idea that there is the same substantial difference between the damage done to a mortgagee in possession and to a mortgagee out of possession by the seizure and confiscation of the goods. Possession or present right of possession can make no difference in regard to the quantum of damages within the extent of the security. The doctrine alleged would be equivalent to holding that no person could have a legal right to complain of being deprived of a security unless he could show the insolvency of his debtor; or, in other words, that any wrong-doer could, at his pleasure, compel the holder of a security against a solvent party to look only to the personal remedy and give up the security. This is too unreasonable a doctrine to be entertained. In a case like this our own statutes furnish a positive rule. The rights of mortgagees can only be divested by payment or ten-

WORTHINGTON *vs.* HANNA.

der of payment of their whole debt. Every security holder has a right to seek his money out of his security without proceeding against his debtor's personal responsibility; and the legal value of every security is the means it will furnish of obtaining satisfaction out of the property. The count was sufficient; and all testimony relating to the solvency or insolvency of the mortgagor was surplusage.

It was also claimed that the mortgagee could not sue the Sheriff for the conversion, but should seek out the purchasers and recover the goods from them.

*Held,* That the statute does not permit the Sheriff or the purchaser to take mortgaged property away from a mortgagee in possession and sell it in parcels. It only allows the sale to be made " subject to the lien of the mortgage or pledge existing thereon;" and it is only upon payment or tender of payment, or performance, that the purchaser obtains any rights whatever as against the mortgagee. The right lawfully sold is merely the right of redemption, and this is not apportionable. When the Sheriff departed from his statutory duty and sold in parcels, he became a trespasser, and the sale was an unlawful conversion. The mortgagees were not bound to follow the property unless they chose.

It is also claimed that, inasmuch as this mortgage was given by a husband to secure a debt due to his wife, which she purchased in New York from another holder, paying therefor out of her personal estate derived from her own father, it cannot be assumed that the common law rule giving a husband all his wife's personality has been abolished in that State, and that it must be assumed that the common law rule still prevails there, and that the mortgage is therefore void.

*Held,* That while this Court cannot assume judicially to know what any foreign law is, there is no principle which will justify them in holding anything void under foreign law which is lawful here until the variance is shown. To that extent it may be presumed that a conformity exists between our laws and foreign laws. This Court will make no presumption that a transaction valid under our laws is not valid elsewhere.

It is also alleged as error that the Court refused to instruct the jury to disregard the appraisement made under the attach-

ment proceedings in estimating the value of the goods. Plaintiff in error was allowed to introduce testimony on this subject, and the appraisal was left to the jury for what it was worth, and not as in any way conclusive.

Held, That there was no objection to this. Where an appraisal is made in pursuance of a statute, under oath, in the course of the proceedings under which the party has himself acted, and he himself selected the appraisers, it would be going too far to say that such a valuation is entirely worthless as evidence against him.— There is nothing in the record which affects the correctness of the judgment, which is affirmed with costs.